*Brieant, J.*

Hon. Charles L. Brieant
Civil Action File No. CV-02551

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------
ELAINE CHAO, SECRETARY OF LABOR,  :   Civil Action
UNITED STATES DEPARTMENT of LABOR,
                                  :   File No.  08-CV-02551-CLB
Plaintiff,
                                  :   CONSENT JUDGMENT

        v.                        :

AHN Corporation d/b/a AHN and     :
Haytham Abuali, Individually and as
Officer

Defendants.                       :
-------------------------------------------

    Plaintiff, the Secretary, has filed her complaint and, without admitting any of the violations alleged in the complaint, defendants appeared by Counsel and waive their answer, and agree to the entry of this Judgment without contest. Defendants acknowledge their responsibilities pursuant to this agreement, and acknowledge that they will be subject to sanctions in contempt of this Court if they fail to comply with the provisions of this Judgment. It is, therefore, upon motion of the attorneys for plaintiff and for cause shown, it is ORDERED that:

    1.    Defendants AHN Corporation, Haytham Abuali, and their officers, agents, employees, and all persons acting or claiming to act in their behalf and interest are permanently enjoined and restrained from violating the provisions of sections 6, 7, 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. Section 201 et seq.), (the Act), in any of the following manners:

    (1) Defendants shall not, contrary to Section 6 of the Act, pay to any of their

employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Section 6 of the Act.

(2) Defendants shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek who are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

(3) Defendants shall not fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 CFR Part 516.

II. Further, the Court finding, as agreed by defendants, that overtime compensation is due certain employees in the amount of $55,000 from AHN Inc. and Haytham Abualz, the defendants and all persons acting or claiming to act in their behalf and interest are enjoined and restrained from withholding the payment of $55,000 due to their employees in the amounts listed opposite their names on Exhibit A. Payment of the overtime compensation shall be made beginning ~~11/19/2007 in 6~~ upon execution monthly installments as shown on Exhibit B.

III. The provisions of this order relative to back wage payments shall be deemed satisfied when defendants deliver a separate certified check or bank check or money order in the amount of each installment shown on Exhibit B to plaintiff's representative, Sonia Rybak, Assistant District Director, **U.S. Department of Labor, Division,** -at 140 Grand Street, Suite 304, White Plains, NY 10601, **made payable to "Wage-Hour, Labor"**.

IV. The Secretary shall distribute the defendants' payments to the employees and former employees, or to their estates, as set forth in Exhibit A.

V. Defendants shall make available to plaintiff the social security number and last known address of each employee or former employee listed in Exhibit A of this judgment.

VI. Neither defendants nor any one on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages under this Judgment.

VII. If the defendants fail to make any of the installment payments as set forth above, then the Court shall appoint a Receiver. The plaintiff shall provide the Court with the names of potential Receivers. The Court may appoint the Receiver from those offered by the Secretary or may appoint another Receiver at its discretion. In the event a Receiver is appointed:

    A. Defendants shall produce to the Court appointed Receiver all books and records and any other information the Receiver requires to carry out the provisions of this Judgment. In addition, the defendants shall submit to a sworn accounting by an

independent certified public accountant and\or the Receiver, and shall testify, if the accountant or Receiver so decides.

  B. All the expenses of the accountant or Receiver shall be borne solely by defendants.

  C. The Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied.

  D. The Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of the defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment and Order.

VIII. Any sums not distributed by defendants to the employees, or to their personal representatives because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be forwarded to the Wage and Hour Division at the address listed in paragraph III and then deposited with the Clerk of this Court who shall forthwith deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. §§2041 and 2042.

IX. Defendants shall orally advise all their employees in Spanish and English of the employees' rights under the Fair Labor Standards Act, and the terms of this Judgment, including the payment of minimum wages and overtime and the rights of employees to engage in activity protected by the Act without fear of retaliation. This oral

advice to employees shall take place within 30 days of the entry of Judgment on a workday.

X. Defendants shall place posters provided by the Wage and Hour Division with information about the FLSA where employees may view them; and it is further

XI. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees or former employees of defendants not listed in Exhibit A, be they current or former employees, to file any action against defendants under section 16(b) of the Act, or likewise for any current or former employee listed in Exhibit A to file any action against defendants under section 16(b) of the Act for any violations alleged to have occurred after September 9, 2006.

XII. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

SO ORDERED.

DATED: March 25, 2008
White Plains, New York

_____
United States District Judge
**CHARLES L. BRIEANT**

Defendants appeared by counsel and
waived their answer and any defense to
the Complaint, and consent to the
entry of this Judgment.

CORP.
SEAL
Ahn Corporation

BY: _____
PRESIDENT

_____  2/4/08
Abuali Hatham, Individually

_____  2/4/08
Attorneys for Defendants

EXHIBIT A

## Summary of Unpaid Wages

**U.S. Department of Labor**
Employment Standards Administration
Wage and Hour Division



(Office Address) Hudson Valley Area Office
US Dept. of Labor, ESA, Wage & Hour Div
140 Grand Street
Suite 304
White Plains, NY 10601-
914-682-6348

Investigator: *Jean Lui*

Employer Fed Tax ID Number  **13-4178515**

Date: *02/05/2008*

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. Gross Amounts Due |
|---|---|---|---|---|
| Bermeo, Mercedes | | 01/22/2005 to 09/09/2006 | 1 | $2,972.75 |
| Bolanos, Doris | | 01/08/2005 to 09/09/2006 | 1 | $3,523.89 |
| Carderon, Jenny | | 01/22/2005 to 09/09/2006 | 1 | $1,092.41 |
| Contrera, Vilma | | 10/01/2005 to 09/09/2006 | 1 | $5,952.83 |
| Flores, Juan | | 02/04/2006 to 09/09/2006 | 1 | $2,057.46 |
| Guaman, Corina | | 01/22/2005 to 09/09/2006 | 1 | $2,972.75 |
| Hernandez, Ricardo | | 01/22/2005 to 09/09/2006 | 1 | $1,309.14 |
| Lopez, Carmen | | 01/22/2005 to 09/09/2006 | 1 | $8,415.84 |
| Lopez, Sofia *AKA ANA PEREZ* | | 09/17/2005 to 09/09/2006 | 1 | $4,684.61 |
| Martinez, Alejandra | | 01/22/2005 to 09/09/2006 | 1 | $2,507.37 |
| Nicanar, Leticia | | 09/10/2005 to 09/09/2006 | 1 | $2,370.55 |
| Niola, Maria | | 01/22/2005 to 09/09/2006 | 1 | $1,092.41 |
| Puma, Blanca | | 01/22/2005 to 09/09/2006 | 1 | $2,888.29 |
| Villa, Mercedes | | 02/04/2006 to 09/09/2006 | 1 | $945.96 |
| Walker, Billert | | 01/22/2005 to 09/09/2006 | 1 | $3,797.93 |
| Zapata, Marisol | | 01/22/2005 to 09/09/2006 | 1 | $8,415.94 |

I agree to pay the listed employees the back wages shown due and to mail proof of payment to the Wage and Hour District Office shown above by
**09/17/2007**

Signed:

Employer Name and Address:
*AHN Inc.*
*AHN Inc.*
*430 Nepperhan Avenue*

*Yonkers, NY 10701*

TOTAL  **$55,000.13**

* Column 4-Code
FLSA   1
PCA    2
SCA    3
DBRA   4
CWHSSA 5
CCPA   6
FMLA   7

Form WH-56

Date: 02/05/2008 1:34:03 PM     Case ID: 1453761     Page 1

## Exhibit B

Installment Plan Agreement

Total Gross Monthly Installment Agreement

*upon execution*

### AHN Inc.

| Payment No. | Due Date | Amount Due | Interest Due | Total Due | |
|---|---|---|---|---|---|
| 1 | 11/19/2007 | $9,166.67 | $36.85 | $9,203.52 | |
| 2 | 12/19/2007 | $9,166.67 | $56.08 | ~~$9,222.75~~ | 9,203.52 |
| 3 | 01/19/2008 | $9,166.67 | $100.73 | ~~$9,267.40~~ | 9,203.52 |
| 4 | 02/19/2008 | $9,166.67 | $138.53 | ~~$9,305.20~~ | 9,358.21 |
| 5 | 03/19/2008 | $9,166.67 | $182.99 | $9,349.66 | |
| 6 | 04/19/2008 | $9,166.66 | $126.51 | $9,293.17 | |
|   |   | $55,000.01 | $641.69 | $55,641.70 | |